COPY

1  PHILIP J. KAPLAN (State Bar No. 135735)
   LAW OFFICES OF PHILIP J. KAPLAN
2  Email:  philipkaplanlaw@gmail.com
   3278 Wilshire Boulevard
3  Suite 106
   Los Angeles, California 90010
4  Telephone:  (213) 480-8981
   Facsimile:   (213) 480-8941
5
   Attorney for Plaintiff
6  EARL SHUMAN

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  EARL SHUMAN, an individual,          Case No.  CV 12-10572 -PJW

12          Plaintiff,

13      v.

14                                        COMPLAINT FOR COPYRIGHT
                                          INFRINGEMENT
15  SONY MUSIC ENTERTAINMENT,
    a Delaware Partnership; SONY
16  CORPORATION OF AMERICA, a
    New York Corporation; ALICIA
17  AUGELLO COOK aka ALICIA
    KEYS, an individual; SALAAM          DEMAND FOR JURY TRIAL
18  REMI GIBBS aka SALAAM REMI,
    an individual; JEFF BHASKER aka
19  BILLY KRAVEN, an individual; and
    DOES 1 through 10, inclusive,
20
            Defendants.
21

22

23

24

25

26

27

28

LAW OFFICES OF
PHILIP J. KAPLAN

Plaintiff EARL SHUMAN (hereinafter sometimes "Plaintiff") hereby alleges as follows:

## PARTIES

1.      On information and belief, Defendant SONY MUSIC ENTERTAINMENT is a Delaware Partnership with its principal place of business at 550 Madison Avenue, New York, New York.  On information and belief, SONY MUSIC ENTERTAINMENT is a wholly owned subsidary of Defendant SONY CORPORATION OF AMERICA.

2.      On information and belief, Defendant SONY CORPORATION OF AMERICA is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York.

3.      Plaintiff alleges that, at all material times, Defendants SONY MUSIC ENTERTAINMENT and SONY CORPORATION OF AMERICA were and are doing business in the State of California and within this judicial district.

4.      On information and belief, Defendant ALICIA AUGELLO COOK aka ALICIA KEYS (hereinafter sometimes "KEYS") is a resident of New York, New York and, at all material times, is and was doing business in the State of California and within this judicial district.

5.      On information and belief, Defendant SALAAM REMI GIBBS aka SALAAM REMI is a resident of New York, New York and, at all material times, is and was doing business in the State of California and within this judicial district.

6.      On information and belief, Defendant JEFF BHASKER aka BILLY KRAVEN is a resident of Los Angeles, California and, at all material times, is and was doing business in the State of California and within this judicial district.

7.      Plaintiff is not aware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  When Plaintiff has ascertained the true names and capacities of said defendants, Plaintiff will seek leave of this court to amend

1  this complaint accordingly.  On information and belief, each of the fictitiously
2  named defendants is responsible in some manner for the occurrences alleged in this
3  complaint, and Plaintiff alleges that his damages were proximately and legally
4  caused by defendants' conduct.

5       8.    At all material times, Plaintiff alleges, each defendant was the agent,
6  servant and employee of each of the remaining defendants, and was acting within
7  the purpose, scope and course of said agency, service and employment, with the
8  express and/or implied knowledge, permission and consent of the remaining
9  defendants, and each of them, and each of said defendants ratified, approved of,
10  and/or accepted the benefits of such acts.

11  **JURISDICTION/VENUE**

12       9.    This court has subject matter jurisdiction, pursuant to 28 U.S.C. §
13  1388(a) because of this court's exclusive jurisdiction over copyright cases.

14       10.    Venue is proper pursuant to 28 U.S.C. § 1400(a) because the
15  defendants or their agents reside or may be found within this district and personal
16  jurisdiction may be properly obtained over defendants.

17  **FIRST CLAIM FOR RELIEF**
18  **(For Copyright Infringement Against All Defendants)**

19       11.    Plaintiff hereby adopts, incorporates, and reiterates all of the
20  preceding allegations of this complaint.

21       12.    Plaintiff EARL SHUMAN is a songwriter.  Over his career, Plaintiff
22  has written numerous songs, movie themes, as well as the Off Broadway musical,
23  "The Secret Life of Walter Mitty."  His songs have been performed by Bing
24  Crosby, Tom Jones, Barbra Streisand, Patsy Cline, Brook Benton, Perry Como,
25  Bobby Vinton, Patti Page, Cliff Richard, Tony Bennett, Michael Feinstein and
26  others.  SHUMAN has approximately 317 credits on the ASCAP database.

27       13.    In 1962, Plaintiff and his writing partner, Leon Carr (hereinafter
28  sometimes "Carr"), co-authored a song entitled "Lonely Boy."  "Lonely Boy" is an

1  original work of Plaintiff and Carr, and is copyrightable subject matter under the

2  laws of the United States.

3      14.    Thereafter, on or about October 1, 1962, Plaintiff and Carr entered

4  into a Uniform Popular Songwriters Contract (hereinafter "publishing contract")

5  with Famous Music Corporation (hereinafter "Famous Music").

6      15.    Under the above publishing contract, Famous Music agreed to, among

7  other things, take out and hold the copyright to "Lonely Boy" for a period of

8  twenty-eight years from the date of publication in exchange for the payment of

9  royalties to Plaintiff and Carr derived from the exploitation of "Lonely Boy."

**Copyright Registration/Renewal**

10

11     16.    On or about October 4, 1962, and August 6, 1963, Plaintiff and Carr

12 complied in all respects with 17 U.S.C. Sections 10, 12, and 13 (the 1909 Act), all

13 formalities required by the Copyright Office, and all other laws governing

14 copyrights, and received the exclusive rights and privileges in and to the copyright

15 of "Lonely Boy" also known as "(Hey There) Lonely Boy", and received from the

16 Register of Copyrights certificates of copyright, dated and identified as: "October

17 4, 1962, Class E No. EU 739982"; and "August 7, 1963, Class E, No. EP 178095."

18 Thereafter, copyright was renewed in 1990 (RE 471638).

19     17.    On or about January 27, 1970, Plaintiff further complied with the

20 Copyright Act, formalities, and all other applicable laws when he received from

21 the Register of Copyrights a certificate of copyright in connection with new matter

22 (lyric change) to the original version, EP 267721 (renewed on or about January 1,

23 1998, RE 774088).  With the change in lyrics, the new version of the original

24 musical composition was entitled "(Hey There) Lonely <u>Girl</u>."  Hereinafter, this

25 musical composition shall be referred to as "Lonely Boy/Girl."

26     18.    After, and not until, statutory copyright was obtained, tangible copies

27 and phonorecords of "Lonely Boy/Girl" were distributed and sold to the public

28 under the authority and consent of the then-copyright owner, Famous Music, and

the equitable owners, Plaintiff and Carr, in strict conformity with the provisions of the Copyright Act and all of the laws governing copyright.  "Lonely Boy/Girl" has never been dedicated to the public nor has Plaintiff abandoned, waived, released or in any other way done any act or thing to derogate from his ownership and control of the copyright and related rights, and all other rights, title, and interest to "Lonely Boy/Girl."

### Copyright Assignment/Plaintiff's Standing

19.    On March 27, 1976, Leon Carr passed away.

20.    In 1991, Plaintiff and Leon Carr's surviving spouse and widow (Shirley) entered into an assignment contract with music publisher, Music Sales Corporation ("Music Sales contract"), whereby, among other things, the copyright to "Lonely Boy/Girl" was assigned to Music Sales, while Plaintiff retained the right to receive royalties.  The Music Sales contract included the composition "Lonely Girl."

21.    Plaintiff is a beneficial owner of "Lonely Girl" and is entitled to institute an action for infringement, pursuant to 17 U.S.C. § 501.

### Performances/Publication/Sales of "Lonely Boy/Girl"

22.    Since the date of its original registration, "Lonely Boy/Girl" has been widely disseminated to the public worldwide.  In 1963, "Lonely Boy/Girl" was recorded by Ruby And The Romantics and reached No. 27 on Billboard's Hot 100's Singles chart.  A copy of the sheet music is annexed hereto as Exhibit "A".  This recording remained on the chart for nine weeks.  In 1969, "Lonely Boy/Girl" was recorded by Eddie Holman, which recording reached No. 2 on Billboard's Hot 100's Singles chart, where it remained for fourteen (14) weeks.

23.    The composition was again recorded in 1980 by Robert John, reached No. 31 on Billboard's Hot 100's Singles chart and remained on the chart for thirteen weeks.  In addition to the above recordings. "Lonely Boy/Girl" has been

1  recorded by artists Marth & The Vandellas, Stacy Lattisaw, Shawn Cassidy, and
2  Jerry Woo.

3      24.    "Lonely Boy/Girl" has been licensed for use in National T.V.
4  Advertisements and in Feature Films.

5              **Infringement Upon "Lonely Girl" By "Girl On Fire"**

6      25.    On information and belief, the song entitled "Girl On Fire", co-
7  authored and performed by Defendant ALICIA KEYS was released by RCA
8  Records, as a single, on or about September 4, 2012.  Plaintiff is informed and
9  believes that RCA Records is a record label controlled and operated by Defendant
10 SONY MUSIC ENTERTAINMENT.

11     26.    In addition to KEYS, Plaintiff is informed that "Girl On Fire" was
12 written by producers/writers SALAAM REMI GIBBS ("SALAAM REMI") and
13 JEFF BHASKER ("BHASKER").  While Billy Squier also receives a writing
14 credit for "Girl On Fire" (as more fully discussed below), Plaintiff is informed and
15 believes that this is due to the fact to the sampling of the drum beat from Squier's
16 1980 song, "The Big Beat."  However, on information and belief, despite this
17 writing credit, Plaintiff is informed that Squier is not an author of "Girl On Fire."

18     27.    On September 6, 2012, KEYS performed "Girl On Fire" at the 2012
19 MTV Video Music Awards, at the Staples Center, in Los Angeles, California.

20     28.    Thereafter, on or about November 27, 2012, Plaintiff is further
21 informed and believes, "Girl On Fire" was released as the title song on KEYS'
22 fifth album, "Girl On Fire."

23     29.    In addition, Plaintiff alleges that there are, at least, two other versions
24 of "Girl On Fire" (an "Inferno version" and "Bluelight version"), as well as a
25 music video.

26     30.    Plaintiff is informed and believes that "Girl On Fire" has risen to No.
27 21 on Billboard's Hot 100 chart and has become an international hit in various
28

LAW OFFICES OF
PHILIP J. KAPLAN

-5-

1    countries, including the Netherlands, South Korea, Switzerland, the United

2    Kingdom, France, Australia, Germany, Scotland and Norway.

3         31.    Plaintiff alleges that "Girl On Fire" infringes upon "Lonely Boy/Girl."

4         32.    On or about November 25, 2012, entertainment blog

5    "Showbiz411.com" published online an article entitled "Alicia Keys' 'Girl On

6    Fire' Also a 'Lonely Girl from 1970.'  The online blog, observing that "Girl On

7    Fire" takes the chorus of "Lonely Boy/Girl" without crediting Plaintiff and his

8    writing partner, Carr, states:  "Alicia Keys' new hit 'Girl on Fire' is catchy, catchy,

9    catchy.  But like a lot of Keys' songs, it comes with ingredients from past hits.

10   The credits do include a nod to 'The Big Beat' by Billy Squiers, upon which the

11   whole drumline is apparently based.  There's another sample that doesn't seem to

12   be credited anywhere unless I've totally missed it.  In the middle of the song,

13   Alicia sings a couplet or so from Eddie Holman's 1970 classic 'Hey There Lonely

14   Girl.'  The song was written by Leon Carr and Earl Shuman, who are both gone to

15   rock [sic] and rock and roll heaven.  'Hey There' was first recorded by Ruby and

16   the Romantics in 1963.  But it was Holman's wonderful recording that became a

17   once in a lifetime hit.  Keys only uses two seconds of the original, but it helps

18   make her record.  It's not the same as when she remade The Main Ingredient's 'Let

19   Me Prove My Love to You' into 'You Don't Know My Name,' but it's still

20   prominent for anyone who grew up during the classic era of R & B."

21        33.    While the Showbiz411.com statements that SHUMAN has "gone to

22   rock and roll heaven" and concerning "two seconds" of use are not accurate,

23   Plaintiff alleges that the above observations by Showbiz411 are, in their essence,

24   apt.

25        34.    Plaintiff alleges that KEYS, SALAAM REMI, and BHASKER, as

26   authors of "Girl On Fire", and as participants in the production, distribution and

27   exhibition of "Girl On Fire", as with the remaining defendants herein, did not

28

LAW OFFICES OF
PHILIP J. KAPLAN

-6-

SHUMAN
ComplaintSonyMusic[1]

obtain authorization concerning the use of "Lonely Boy/Girl" before writing, producing, distributing and/or exhibiting "Girl On Fire."

35.    On information and belief, SONY MUSIC ENTERTAINMENT and parent company, SONY CORPORATION OF AMERICA, have reproduced, mechanically manufactured, distributed, marketed, promoted, advertised, and commercially exploited "Girl On Fire", thereby infringing upon the copyright of Plaintiff in and to "Lonely Boy/Girl."

36.    On information and belief, Defendants SONY MUSIC ENTERTAINMENT and SONY CORPORATION OF AMERICA have and are realizing profits and have paid, and are paying, royalties to Defendants KEYS, SALAAM REMI, and BHASKAR.  Defendants are earning money from all exploitation of "Girl On Fire", including without limitation airplay and public performances, without credit, attribution, payment of royalties or other recognition of Plaintiff's rights.

37.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and is entitled to recover from defendants, and each of them, jointly and severally, actual damages in an amount according to proof.

38.    As a further direct and proximate result of the foregoing, Plaintiff has suffered, and is entitled to recover from defendants, those unauthorized profits attributable to the above infringement and which have been realized by defendants in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For a judicial determination and declaration that Plaintiff's copyright has been infringed upon by defendants;

2.     For an order that defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of defendants' infringing activities and other conduct complained of herein;

3.     For an order that defendants, their officers, agents, servants, and employees, and those persons in active concert and participation with any of them, be preliminarily and permanently enjoined from infringing upon Plaintiff's copyright;

4.     For actual damages in an amount according to proof;

5.     For defendants' profits in an amount according to proof;

6.     For prejudgment interest commencing from the date of first infringement at the maximum legal rate;

7.     For costs and expenses of the suit herein, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505; and

8.     For such other and further relief as the court may deem just and proper.


DATED:  Dec. 10, 2012          **LAW OFFICES OF PHILIP J. KAPLAN**

By: /s/
                    PHILIP J. KAPLAN
                    Attorney for Plaintiff
                    EARL SHUMAN

LAW OFFICES OF
PHILIP J. KAPLAN

-8-

SHUMAN
ComplaintSonyMusic[1]

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands, pursuant to Rule 38 of the Federal Rules of Civil

3   Procedure, a trial by jury in this matter.

4

5

6   DATED:  Dec. 10, 2012          **LAW OFFICES OF PHILIP J. KAPLAN**

7

8                                   By: /s/ _____

9                                        PHILIP J. KAPLAN
                                         Attorney for Plaintiff
                                         EARL SHUMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PHILIP J. KAPLAN

SHUMAN
ComplaintSonyMusic[1]

# EXHIBIT "A"

# LONELY BOY

Words by EARL SHUMAN    Music by LEON CARR



Recorded by

RUBY and the ROMANTICS

on KAPP Records

FAMOUS MUSIC CORPORATION · 1619 Broadway · New York City, N. Y.



Copyright © MCMLXII by Famous Music Corporation
Copyright © MCMLXIII by Famous Music Corporation, 1619 Broadway, New York 19, N. Y.
*All Rights Reserved*                                        Made in U. S. A.
*Any arrangement or adaptation of this composition without the consent of the publisher is an infringement of copyright*





Name & Address:  Philip J. Kaplan (SBN 135735)
Email:  philipkaplanlaw@gmail.com
LAW OFFICES OF PHILIP J. KAPLAN
3278 Wilshire Blvd., Suite 106
Los Angeles, CA 90010
Tel. 213/480-8981

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EARL SHUMAN, an individual,

PLAINTIFF(S)

v.

SONY MUSIC ENTERTAINMENT, a Delaware
Partnership; SONY MUSIC CORPORATION OF
AMERICA, [See Attachment]

DEFENDANT(S).

CASE NUMBER

CV 12-10572 —PJW

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Philip J. Kaplan, Esq._____, whose address is _3278 Wilshire Blvd., Suite 106, Los Angeles, CA 90010/Tel. 213/480-8981_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 1 0 2012__

By: ___MARIA DA___
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                   SUMMONS

**Short Title:  Earl Suman v. Sony Music     Case No.:** _____

**Additional Defendants:**

a New York Corporation; ALICIA AUGELLO COOK aka ALICIA KEYS, an individual; SALAAM REMI GIBBS aka SALAAM REMI, an individual; JEFF BHASKER aka BILLY KRAVEN, an individual; and DOES 1 through 10, inclusive,

Defendants.

ADDITIONAL PARTIES ATTACHMENT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EARL SHUMAN, an individual,

**DEFENDANTS**
SONY MUSIC ENTERTAINMENT, a Delaware Partnership; SONY CORPORATION OF AMERICA, a New York Corporation; ALICIA AUGELLO COOK aka ALICIA KEYS, an individual etc. et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Philip J. Kaplan (SBN 135735)
Law Offices of Philip J. Kaplan
3278 Wilshire Blvd., Suite 106, Los Angeles, CA 90010/Tel. 213/480-8981

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. Section 101 et seq. (Copyright)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-10572**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jeff Bhasker aka Billy Kraven, Los Angeles County | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date December 10, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |